Pursuant to SCR 3.480(3),[1] Movant, Melanie A. F. Horton, moves this Court to enter an order permanently disbarring her from the practice of law in the Commonwealth of Kentucky. Horton's Bar Membership Number is 88701 and her bar roster address is P.O. Box 29, Pikeville, Ky., 41502. The Office of Bar Counsel filed a response supporting Horton's motion.
For the reasons stated below, we grant Horton's motion requesting permanent disbarment.
I. BACKGROUND
Horton's motion involves allegations of professional misconduct contained in eight KBA Case files: File 23116, File 23280, File 23504, File 23572, File 23616, File 23656, File 23679, and File 24115.
File 23116
In May and June 2014, Horton presented two checks against insufficient funds at her local bank relating to her client trust account, and the bank notified the KBA of the misconduct. The Inquiry Commission sent a letter to Horton concerning the matter, but she failed to respond. As a result of this conduct, Horton was charged with violating SCR 3.130 (8.1)(b) (failure to respond to a disciplinary matter); SCR 3.130 (8.4)(c) (engaging in dishonesty); and SCR 3.175(l)(a) (failure to inform the KBA of her current address). Horton admits to each of these violations.
File 23280
In September 2014, Horton presented four checks against insufficient funds in *511 her client trust account, and the bank notified the KBA. The KBA subpoenaed her bank records which disclosed that checks totaling $249,128.50 had recently been written from her client trust account principally to cash, herself, her husband, and her child, and another $36,764.72 had been written on the account for personal expenses. Upon the KBA's inquiry into this report from the bank, Horton failed to respond.
As a result of this conduct, Horton was cited for violations of SCR 3.130 (8.1)(b) (failure to respond to the KBA) and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to each of these violations.
File 23504
Russell and Bethel Cures retained Horton to represent them in a personal injury case. Horton did not execute a fee agreement with the Cures, but the Cures agreed to give Horton one-third of any settlement. During the representation the Cures had difficulty contacting Horton. The case settled, but Horton failed to pay the Cures the full amounts they were entitled to and, further, withheld funds to pay medical bills which were then not paid. Horton also failed to execute the proper paperwork to perfect the settlement resulting in the filing of a court action against Horton by the insurance company.
As a result of Horton's conduct in the Cures matter, the KBA filed charges against Horton alleging violations of SCR 3.130 (1.3) (requiring diligent representation of a client); SCR 3.130 (1.4)(a)(3) and (4) (requiring an attorney to keep a client informed about the case and to promptly respond to requests for information); SCR 3.130 (1.5)(c) (requiring a contingency fee agreement to be written); SCR 3.130 (1.15)(b) (requiring the prompt delivery of funds to a client, any funds he is entitled to receive); SCR 3.130 (8.1)(b) (failure to respond to the KBA); and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to each of these violations.
File 23572
In December 2014, Horton again presented checks drawn on her client trust accounts against insufficient funds, and the bank notified the KBA of the transaction, and Horton failed to respond to the KBA's inquiries. As a result, the KBA charged Horton with violating SCR 3.130 (8.1)(b) (failure to respond to the KBA) and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to these violations.
File 23616
Marlena Stanley retained Horton to represent her in a personal injury action. The litigation settled for $25,000, and Horton gave Stanley $10,000 of it and told her she would give Stanley her remaining $6,667.67, which she was entitled to under the settlement agreement, the next day. Horton did not follow through on that commitment, and then avoided Stanley's efforts to contact her. Horton also failed to provide Stanley with the $10,000 in personal injury protection benefits she was entitled to.
As a result of this conduct, the KBA charged Horton with violating SCR 3.130 (1.4)(a)(4) (requiring an attorney to comply with reasonable requests for information); SCR 3.130 (1.5)(b) (requiring the prompt delivery of funds a client is entitled to receive); SCR 3.130 (8.1)(b) (failure to respond to a disciplinary action); and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to these violations.
File 23656
Stephanie Jo Mullins retained Horton to represent her in a personal injury claim, and they entered into an oral continency fee agreement. The case settled for $250,000, and Horton gave Mullins $116,666.66 and told her that she would keep the rest of Mullins' portion of the *512 settlement (one-third) to pay medical bills. Horton did give Mullins $6,000 she was owed for personal injury protection benefits but did not deliver the rest of the approximately $50,000 she was holding from Mullins' portion of the settlement. During the representation Mullins had difficulty getting in touch with Horton regarding her case and could not reach her at all after November 2014.
As a result of the conduct, the KBA charged Horton with violating SCR 3.130 (1.4)(a)(3) and (4) (failure to keep a client informed and failure to provide client with information about the case); SCR 3.130 (1.5)(c) (contingency fee shall be in writing); SCR 3.130 (1.15)(b) (requiring prompt delivery of funds to client); SCR 3.130 (8.1)(b) (failure to respond to disciplinary authority); and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to all of these violations.
File 23679
Rhonda Potter retained Horton to represent her on a personal injury claim. Again, without a written fee agreement, Potter agreed to pay Horton one-third of any recovery. After Potter was released from the hospital, Horton twice loaned Potter $500. Horton paid Potter $6,000 of her personal injury protection benefits. The case was eventually settled for $107,500. After repaying herself $1,000 from the loan, Horton paid Potter $50,000 of her portion of the settlement and told Potter she would invest the remaining $20,000 in an annuity but failed to do so, nor did she give her the remaining funds she was entitled to. Throughout the case, Potter had difficulty contacting Horton and could not reach her at all after December 2014.
As a result of this conduct, the KBA charged Horton with violations of SCR 3.130 (1.4)(a)(3) and (4) (failure to keep client informed and provide information); SCR 3.130 (1.5)(c) (contingency fee agreement to be in writing); SCR 3.130 (1.8)(e) (a lawyer shall not provide a client with financial assistance in connection with litigation); SCR 3.130 (1.15)(b) (lawyer shall promptly deliver funds to a client); and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to all of these violations.
File 24115
In November 2015, Horton was charged with three counts of theft by deception in excess of $10,000, a Class C felony. Among the victims listed in the indictments were the Cures, Potter, and Mullins. In March 2016, Horton pled guilty to three amended charges of theft by deception of more than $500 but less than $10,000, a Class D felony. As a result of this conduct Horton was charged with violating SCR 3.130 (8.4)(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) and SCR 3.130 (8.4)(c) (engaging in dishonesty). Horton admits to all of these violations.
II. DISPOSITION
Horton acknowledges all of the foregoing conduct and that those facts would support the listed disciplinary charges. Based upon the conduct described, the wide-ranging array of violations, and the seriousness of those violations, we agree that Horton's motion to withdraw her membership is appropriate pursuant to SCR 3.480(3).
Therefore, be it hereby ORDERED that:
1) Movant, Melanie A.F. Horton, is permanently disbarred from the practice of law in the Commonwealth of Kentucky;
2) Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, if she has not already done so, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she *513 has matters pending of her disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel;
3) If she has not already done so, to the extent possible, Movant shall immediately cancel and cease any advertising activities in which she is engaged; and
4) In accordance with SCR 3.450, Movant shall pay all costs associated with these proceedings, said sum being $827.43, for which execution may issue from this Court upon finality of this Opinion and Order.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.

SCR 3.480(3) provides in pertinent part;
Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of permanent disbarment shall file a verified motion with the Court stating as follows:
(a) He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.
(b) He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.
(c) He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.